FORM 3015-1 CHAPTER 13 PLAN
UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

-----------------------------------

**IN RE:**                                                                2nd MODIFIED CHAPTER 13 PLAN
                                                                          DATE 3/17/2014
JOY E. LANDEEN-SHEA                                                       CASE NO. 14-46309
-----------------------------------

**1. DEBTOR'S PAYMENTS TO TRUSTEE**

a. As of the date of the plan, debtor has paid the trustee         $210.00
b. After the date of this plan, debtor will pay the trustee        $320.00 per month for    34 months beginning February 2015 then
                                                                   $420.00 per month for     6 months beginning December 2017
                                                                   $820.00 per month for    19 months

for a total of                              $29,190.00   The minimum plan length   60 months from the date of the initial plan payment
unless all allowed claims are paid in a shorter time.

c. The debtor will also pay the trustee:          $0.00
d. The Debtor will pay the trustee a total of:    $29,190.00      {line 1a + line 1b + line 1c}

**2. PAYMENTS BY TRUSTEE** The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may
 collect a fee of up to 10% of plan payments or,   $2,919.00      {line 1d x .10}

**3. ADEQUATE PROTECTION PAYMENTS 1326 (a) (1) C)**     The trustee will promptly pay from available funds adequate protection payments to
creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Month | TOTAL PAYMENTS |
|---|---|---|---|
| a. | | | $0.00 |
| b. | | | |
| c. | | | |
| d. TOTAL | | | $0.00 |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES §365 -** The debtor assumes the following executory contracts or unexpired leases.
Cure provisions, if any, are set forth in # 7

| Creditor | Description of Property |
|---|---|
| a | |
| b. | |

**5. CLAIMS NOT IN DEFAULT** Payments on the following claims are current and the debtor will continue to make all payments which come due after
the date the petition was filed directly to the to the to the creditors. The creditors will retain their liens. The creditor can continue to invoice the debtor.

| Creditor | Description of Property |
|---|---|
| a. CHASE | HOME |
| b. QUICKEN LOANS | HOME |
| c. | |
| d. | |

**6. HOME MORTGAGES IN DEFAULT (sec. 1322(b)(5) and 1322 (e)).** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. ***All following entries are estimates.*** The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a | | | | | |
| b. | | | | | |
| c. | | | | | |
| d. TOTAL | $0.00 | $0.00 | | | $0.00 |

**7. SECURED CLAIMS IN DEFAULT (§ 1322(b)(3) and (5) and §1322(e))** The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. ***All following entries are estimates, except for interest rate.***

| Creditor | Amount of Default | Int. Rate (if applicable) | Payment | Beginning in Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | | | | | | |
| b. | | | | | | |
| c. | | | | | | |
| d. other | $0.00 | | | | | $0.00 |

**8. OTHER SECURED CLAIMS SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims util the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge.

**NOTE: NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. §1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.**

| Creditor | Amount of Claim | Secured Claim | Intrest Rate | Beginning in Month # | Monthly Payments | x Number of = Payments | Payments on Account of Claim | (Adequate) Protection from #3 | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| a. | | | | | | | | | |
| b. | | | | | | | | | |
| c. Total | $0.00 | $0.00 | | | | | | | $0.00 |

**9. PRIORITY CLAIMS** the trustee will pay in full all claims entitled to priority under §507, including the following. ***The amounts listed are estimates***. The trustee will pay the amounts actually allowed.

| Creditor | Amount of Claim | Monthly Payment | Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. ATTORNEY'S FEES | $1,500.00 | $189.00 | 1 | 8 | $1,500.00 |
| b | | | | | |
| c | | | | | |
| f. TOTAL | $1,500.00 | | | | $1,500.00 |

**10. SEPARATE CLASS OF UNSECURED CREDITORS** In addition to the class of unsecured creditors specified in #11, there shall be separate classes of non-priority unsecurity creditors described as follows:

The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates.***

| Creditor | Interest Rate (if any) | Claim Amount | Payment | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. | | | | | |
| c. TOTAL | | $0.00 | | | $0.00 |

**11. TIMELY FILED UNSECURED CREDITORS** The trustee will pay the holders of non-priority unsecured claims for which proofs of claim were timely filed, the balance of all payments received by the trustee and not paid under # 2, 3,6, 7, 8, 9 and 10 their pro rata share of approximately      $24,771.00           line 1(d) minus lines 2, 6(d), 7(d) and 8(d), 9 (f) and 10)].

a. The debtor estimates that the total unsecured claims by creditors listed in paragraph 8 are        $0.00

b. The debtor estimates that the total unsecured claims (excluding those in #8 & #10) are      $71,805.84

c. Total estimated unsecured claims are       $            line 11(a) + line 11 (b).   $71,805.84

**12. TARDILY FILED UNSECURED CREDITORS** All money paid by the debtor to the trustee under #1 but not distributed but not distributed by the trustee under #2,3,6,7,8, 9, 10 or 11 will be paid to the holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS**     The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Income withholding for on-going child support will continue.

they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credit (EIC).  Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.

Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by any entity that holds a claim against the debtor(s) for taxes that become payable to a governmental unit while the case is pending.  The trustee shall only pay 11 U.S.C. Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.

**14. SUMMARY OF PAYMENTS-**

| | |
|---|---:|
| Trustee's fee [line 2]............................................. | $2,919.00 |
| Home Mortgage Defaults [line 6(d)]........................ | $0.00 |
| Claims in defaults [line 7(d)]. ...................... | $0.00 |
| Other Secured Claims [line 8(d)]............................ | $0.00 |
| Priority claims [line 9f].......................................... | $1,500.00 |
| Separate Class [line 10(C)]....................................... | $0.00 |
| Unsecured Creditors [line 11].............................. | $24,771.00 |
| **TOTAL [must equal line 1(d)]........................** | **$29,190.00** |

ROBERT L KALENDA
919 WEST ST GERMAIN ST STE 2000                                SIGNED:__ /e/ Joy E.Landeen-Shea
ST CLOUD MN 56301                                                              DEBTOR
(320)255-8840

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

    Joy Landeen-Shea,                            Bky.No. 14-43609

    Debtor.                                     Chapter 13 Bankruptcy

NOTICE OF MODIFICATION OF
CHAPTER 13 PLAN BEFORE CONFIRMATION

TO:    ALL INTERESTED PARTIES

1.    Pursuant to Local Rule 3015-2, the debtor, by her attorney, Robert L. Kalenda, gives notice that the court will hold a confirmation hearing on the modified Chapter 13 plan at 10:00 a.m. on April 16, 2015, in Courtroom 8 West, 300 South 4th Street, US Courthouse, Minneapolis, Minnesota.

Dated: 3-17-15

                                            KALENDA LAW OFFICE

                                      By:    /e/ Robert L. Kalenda
                                                   Robert L. Kalenda
                                                   Attorney for Debtor
                                                   919 West St. Germain, Suite 2000
                                                   St. Cloud, MN 56301
                                                   (320) 255-8840
                                                   MN Registration #53260

UNSWORN CERTIFICATE OF SERVICE

    I, Scarlett O'Neil, declare under penalty of perjury that on March 17, 2015, I mailed copies of the foregoing Amended Chapter 13 Plan and Notice of Modification of Chapter 13 Plan Before Confirmation In Re: Joy Landeen-Shea Bky. No. 14-43609 by first class mail postage prepaid to each entity named below at the address stated below for each entity:

Interested Parties on attached service list

Executed on: 3/17/15

Signed: _____
Scarlett O'Neil
KALENDA LAW OFFICE
919 West St. Germain, Suite 2000
St. Cloud, MN 56301

```
JOY E LANDEEN-SHEA              CAPITAL ONE                     CHASE
708 20 AVE N                    PO BOX 6492                     PO BOX 24696
SARTELL MN 56377                CAROL STREAM IL 60197           COLUMBUS OH 43224-0696


CHASE                           CHASE BANK                      CITIBANK SEARS
PO BOX 15298                    PO BOX 15298                    PO BOX 6283
WILMINGTON DE 19850-5298        WILMINGTON DE 19850-5298        SIOUX FALLS SD 57117-6283


QUICKEN LOANS                   SAMS CLUB                       US BANK
1050 WOODWARD AVE               PO BOX 965005                   PO BOX 5229
DETROIT MI 48226                ORLANDO FL 32896-5005           CINCINNATI OH 45201


US BANK                         USSET WEINGARGEN & LIEBO
PO BOX 108                      PLLP
ST LOUIS MO 63166               JESSICA L BLANNER
                                4500 PARK GLEN ROAD 300
                                MINNEAPOLIS MN 55416
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**JOY E LANDEEN-SHEA**

<u>**SIGNATURE DECLARATION**</u>

Debtor(s).

Case No. <u>**14-43609**</u>

___ PETITION, SCHEDULES & STATEMENTS
___ CHAPTER 13 PLAN
___ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
_X_ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
_X_ MODIFIED CHAPTER 13 PLAN
___ OTHER (Please describe:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 3-17-15

X _/s/ Joy Landeen-Shea_          X _____
Signature of Debtor or Authorized Representative         Signature of Joint Debtor

**JOY E LANDEEN-SHEA**
Printed Name of Debtor or Authorized Representative         Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)